

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| REVEREND DR. SAMUEL T. WHATLEY, §<br>Plaintiff, §<br>§<br>vs. §<br>§<br>RICHLAND COUNTY FAMILY COURT §<br>COLUMBIA SOUTH CAROLINA; PHOEBE §<br>S. WHATLEY; FAMILY COURT JUDGE §<br>MONET S. PINCUS; FAMILY COURT §<br>JUDGE MICHELLE M. HURLEY §<br>LEEVY-JOHNSON; FAMILY COURT §<br>ATTORNEY GAL THOMAS M. NEAL, III; §<br>FAMILY COURT ATTORNEY AND §<br>FAMILY COURT SCBAR FORMER §<br>PRESIDENT RICHARD G. WHITING; §<br>FAMILY COURT PARALEGAL FOR §<br>ATTORNEY RICHARD G. WHITING §<br>KRISTIN CANNON; SC ASSISTANT §<br>DISCIPLINARY COUNSEL KELLY B. §<br>ARNOLD; COUNSELOR LARRY MEDLIN; §<br>CHRISTIAN COUNSELING CENTER FIRST §<br>PRESBYTERIAN CHURCH COLUMBIA SC; §<br>PSYCHIATRIST MARC HARARI; §<br>ATTORNEY JEWETT DOOLEY; DUTCH §<br>FORK HIGH SCHOOL STUDENT RECORDS §<br>MARY MUNDY; DUTCH FORK HIGH §<br>SCHOOL PSYCHIATRIST DR. §<br>SOBOTOWICA; OAK POINT §<br>ELEMENTARY SCHOOL CASSY §<br>PASCHAL; ATTORNEY WENDY LEVINE; §<br>WILLIAM T. WATLINGTON; NEIGHBOR §<br>DESTROYED TREES; AND RICHLAND §<br>COUNTY SHERRIFF DEPARTMENT §<br>ON TRUANCY ET AL., §<br>Defendants. § | Civil Action No. 3:22-02119-MGL |

**ORDER ADOPTING THE REPORTS AND RECOMMENDATIONS,
SUMMARILY DISMISSING THIS ACTION,
AND AFFIRMING THE MAGISTRATE JUDGE'S ORDER**

## I.    INTRODUCTION

Plaintiff Reverend Dr. Samuel T. Whatley (Whatley), proceeding pro se, filed a complaint against the above-named Defendants, alleging causes of action under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

This matter is before the Court for review of the two Reports and Recommendations (collectively, the Reports) of the United States Magistrate Judge each recommending this Court summarily dismiss this matter without issuance and service of process. She recommends the Court dismiss Defendants Family Court Judge Monet S. Pincus (Pincus), Family Court Judge Michelle M. Hurley Leevy-Johnson (Hurley), and Richland County Family Court with prejudice, and the remaining Defendants without prejudice.

Also before the Court is Whatley's appeal of the Magistrate Judge's order denying as moot Whatley's motion for exemption from the face mask requirement (the Mask Ruling) and denying Whatley's motions to seal (the Seal Ruling), among other things (the Magistrate Judge's Order). The Reports and the Magistrate Judge's Order were made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

## II.   FACTUAL AND PROCEDURAL HISTORY

The Magistrate Judge filed the first Report and Recommendation (First Report) on August 11, 2022. Whatley objected on August 25, 2022 (First Objections). His objections challenged the

First Report as well as the Mask Ruling and the Seal Ruling. He also moved to amend his complaint the same day. The Court referred the motion to amend to the Magistrate Judge.

The Magistrate Judge denied the motion in the second Report and Recommendation (Second Report) on November 9, 2022. Whatley again filed objections on November 18, 2022 (Second Objections). The Court has reviewed the objections, and holds them to be without merit. It will therefore enter judgment accordingly.

### III.     THE REPORTS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Reports to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

With several exceptions, addressed below, Whatley has largely failed to present any specific objections to the Reports.

This Court need not conduct a de novo review of the record "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews the Reports only for clear error in the absence of specific objections. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but

3

instead must only satisfy itself that there is no clear error on the face of the record to accept the recommendation.") (citation omitted).

Many of Whatley's objections amount to general contentions with the Reports' findings, and merely repeat claims the Magistrate Judge properly considered and rejected. Inasmuch as the Court agrees with the Magistrate Judge's detailed treatment of those issues in its well-written and comprehensive Report, repetition of that discussion is unnecessary here.

Consequently, to the extent Whatley neglects to make specific objections, and the Court has found no clear error, it need not make a de novo review of the record before overruling those objections and accepting the Magistrate Judge's recommendation.

Further, inasmuch as the Magistrate Judge warned Whatley of the consequences of failing to file specific objections, First Report at 7; Second Report at 5, he has waived appellate review as to those objections. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991) (holding general objections are insufficient to preserve appellate review).

Whatley, however, does make some specific objections that warrant brief discussion.

First, Whatley argues the Magistrate Judge has a conflict of interest. In his Second Objection, he also requests the Clerk's Office reassign this matter to a new "set of judge(s)." Second Objections at 1.

The standard for judicial recusal is set out at 28 U.S.C. § 455. Under that statute, judges must disqualify themselves in "any proceeding in which [their] impartiality might reasonably be questioned," or "[w]here [they] ha[ve] a personal bias or prejudice concerning a party." *Id.* § 455(a) and (b)(1). Importantly, for any alleged bias or prejudice to be disqualifying it "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what

4

the judge[s] learned from [their] participation in the case." *Shaw v. Martin*, 733 F.2d 304, 308 (4th Cir. 1984).

Whatley maintains the Magistrate Judge "appears to have rushed writing the [First Report]." First Objections at 4.  But, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).  This argument thus fails to support recusal.

Whatley also insists the Magistrate Judge failed to disclose her "historical relationships with the intergovernmental fractions[,]" as well as her husband's role with the South Carolina state senate.  First Objections at 4.  But, Whatley fails to support his contention that these relationships resulted in a "personal bias or prejudice[.]"  28 U.S.C. § 455(b)(1).

The Magistrate Judge's impartiality in this case cannot reasonably be questioned.  Nor, to the extent Whatley argues as much, can this Court's.  The Court will therefore overrule this objection.

Second, Whatley contends that the Magistrate Judge erred by determining Pincus, Hurley, and Richland County Family Court are immune from suit.  He maintains the Constitution and other founding documents fail to immunize judges or governmental entities from "being prosecuted for crimes against the People, and or misconduct," and references several cases involving judges as parties.  First Objections at 10.

As explained by the Magistrate Judge, judges are absolutely immune from civil suit in federal court in cases arising out of their judicial actions.  *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("[J]udicial immunity is not overcome by allegations of bad faith or malice[.]").  None of the criminal and state cases Whatley references displace this rule.

In this case, because Whatley's allegations arise out of actions taken by Pincus and Hurley in their roles as family court judges during Whatley's divorce proceeding, they are immune.

Further, the Eleventh Amendment states "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend XI. "A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." *Virginia Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253–54 (2011) (footnote omitted) (internal citations omitted).

The State of South Carolina has failed to consent to suit in federal court. *See* S.C. Code Ann § 15-78-20(e) ("Nothing in this chapter is construed as a waiver of the state's or political subdivision's immunity from suit in federal court under the Eleventh Amendment to the Constitution of the United States nor as consent to be sued in any state court beyond the boundaries of the State of South Carolina."). Nor has Congress abrogated immunity in this case. Therefore, Richland County Family Court, an arm of the state, must be dismissed as well.

Further, as the Magistrate Judge explained, Whatley's complaint is "generally subject to dismissal because it fails to state with any particularity what claims he raises, which defendants he brings those claims against, and what facts show that he is entitled to relief against each defendant." First Report at 3–4. Whatley's claims against these Pincus, Hurley, and Richland County Family Court thus fail in any case. The Court will therefore overrule this objection, too.

**IV.     THE MAGISTRATE JUDGE'S ORDER**

Whatley also objects to the Mask Ruling and the Seal Ruling in the Magistrate Judge's Order.  The Court must treat Whatley's challenges as an appeal of the Magistrate Judge's decision. *See* 28 U.S.C. § 636(b)(1)(A) (allowing Magistrate Judges to rule on nondispositive motions).

When a Magistrate Judge issues an order in a civil case, "[t]he district judge must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  The Court will reverse the Magistrate Judge's holdings only if it is "left with the definite and firm conviction that a mistake has been committed."  *United States v. Harvey*, 532 F.3d 326, 337 (4th Cir. 2008) (quoting *In re Mosko*, 515 F.3d 319, 324 (4th Cir. 2008)) (internal quotation omitted).

First, Whatley maintains the Magistrate Judge's Mask Ruling will "force [him] to wear a facial mask in the federal courthouse."  First Objections at 7.

As explained above, rather than deny Whatley's motion for exemption on the merits, the Magistrate Judge merely determined the motion was moot given her recommendation this matter be dismissed.  In other words, if Whatley had no case pending, his request to refrain from wearing a mask during his case was unnecessary.  Because the Court will adopt the Reports and dismiss this matter, it agrees with the Magistrate Judge's assessment.

Therefore, the Court determines the Mask Ruling is not clearly erroneous or contrary to law.

Second, Whatley appears to object that his tax form was filed on the public docket.  The Court is unsure whether Whatley is challenging the Seal Ruling itself, or whether he contends the Clerk of Court failed to restrict the document as directed by the Magistrate Judge.

Currently, Whatley's IRS 1040 tax form is restricted to the Court and case participants, and Whatley's personal information is redacted. Therefore, Whatley's appeal of this ruling appears moot.

Accordingly, the Court will affirm the Mask Ruling and the Seal Ruling.

## V.     CONCLUSION

After a thorough review of the Reports and the record in this case pursuant to the standard set forth above, the Court overrules Whatley's objections, adopts the Reports, and incorporates them herein. Therefore, it is the judgment of Court this matter is summarily dismissed without issuance and service of process. Defendants Pincus, Hurley, and Richland County Family Court are **DISMISSED WITH PREJUDICE** and the remaining Defendants are **DISMISSED WITHOUT PREJUDICE**. Finally, the Mask Ruling and Seal Ruling are **AFFIRMED**. All other pending motions are **DEEMED AS MOOT**.

**IT IS SO ORDERED.**

Signed this 31st day of March 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.